**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT PIKEVILLE**

**CIVIL ACTION NO. 20-117-DLB**

**BILL KAPRI**                                                          **PLAINTIFF**


**v.**                        **MEMORANDUM OPINION AND ORDER**


**FEDERAL BUREAU OF PRISONS, et al.**                      **DEFENDANTS**

**\*\*\* \*\*\* \*\*\* \*\*\***

Bill Kapri is a federal prisoner at the United States Penitentiary Big Sandy in Inez, Kentucky.  Proceeding without a lawyer, Kapri filed a civil rights Complaint with this Court (Doc. # 1).  In that Complaint, Kapri claims that several prison officials violated his constitutional rights based on facts that allegedly occurred at the prison on April 29, 2020. *See id.* at 4–5, 14–15.  Kapri's Complaint is now before the Court on initial screening pursuant to 28 U.S.C. § 1915A.

There are multiple procedural problems with this action, and, therefore, the Court will dismiss Kapri's Complaint without prejudice.  First, Kapri has neither paid the $400.00 in filing and administrative fees nor filed a motion for leave to proceed *in forma pauperis*, as required to initiate litigation in this Court.  Second, and more importantly, it is clear from the face of Kapri's Complaint that he has not yet fully exhausted his administrative remedies.

Under the law, there is a multi-tiered administrative grievance process within the Federal Bureau of Prisons (BOP).  If a matter cannot be resolved informally via a so-called "BP-8 Form," the prisoner must file an Administrative Remedy Request Form ("BP-9

1

Form") with the Warden, who has 20 days to respond.  If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond.  If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond.  *See* 28 U.S.C. §§ 542.14, 542.15, and 542.18.  Once the prisoner has fully exhausted his administrative remedies, he may then file a lawsuit in federal court.

Here, it is clear from the face of Kapri's Complaint that he has not yet fully completed the BOP's administrative grievance process.  After all, Kapri indicates on his Complaint form that while he has started to pursue his administrative remedies, including filing BP-8 and BP-9 Forms, he has not yet completed the process; in fact, Kapri specifically states that he is now "awaiting a response to file a BP-11, to Central Office in Washington, D.C." (Doc. # 1 at 8).  In light of this representation, it is readily apparent that Kapri has not yet fully exhausted his administrative remedies.  Thus, *sua sponte* dismissal is appropriate. *See Barnett v. Laurel Cnty., Ky.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017) (pointing out that "sua sponte dismissal may be appropriate where the prisoner's failure to exhaust is obvious from the face of the complaint" (citations omitted)).

Accordingly, it is **ORDERED** as follows:

(1)     Karpi's current Complaint (Doc. #1) is **DISMISSED without prejudice** to his right to file a new action once he has fully exhausted his administrative remedies with the BOP;

(2)     This action is **STRICKEN** from the Court's docket; and

(3)     The Court will enter a corresponding **Judgment**.

This 27th day of August, 2020.



Signed By:

*David L. Bunning*

United States District Judge

J:\DATA\ORDERS\PSO Orders\20-117-DLB Kapri Dismissal Order.docx